Let's go ahead and take up the 11 o'clock case, People v. Wall. Argument in the court. May it please the court. Counsel. Jennifer Camden on behalf of the people. A couple of factual points. First, the defendant notes that Gil was 6'6". The defendant in the record states that he was 6'2". The defendant states that Gil, quote, instructed him to come home. But the circuit court found that Gil, quote, requested that he come home. The defendant states that the trailer was on his property. The evidence was that the trailer was just off the road on the edge of his property. So he was on his property? I beg your pardon? So the trailer was on his property? I don't think, Your Honor, that there's any evidence that there was an intrusion into a place, not impliedly. Well, the question is, was it on his property? The answer is yes, Your Honor. Okay. The evidence was that it was off the side of the road. It went near his property. I beg your pardon, Your Honor? But the wheels were on his property. Is that what you said? I'm not sure. I think it was. So you don't know if the wheel was on his property? No, Your Honor, I do not. You're saying a portion of his property. I do not. Okay. But it was off the side of the road. The first point I'd like to make is that the record of proceedings on the defendant's suppression motion is not complete. The State presented Gill's testimony, and then the defendant moved for a directed verdict regarding whether the State had met its burden of proving by a preponderance of the evidence that the defendant's consent was voluntary. That portion was transcribed. But then the court requested and heard additional argument regarding the issue of the deception, Gill calling the defendant and requesting that he come home. That additional argument that the court requested on that issue is not transcribed. But it was after that hearing that the court then ruled that the State had met its initial burden. And then the defendant put on his case, that portion is transcribed. But on this record, the defendant can't meet his burden as the appellant of proving that the court's ruling on the suppression motion was error. The court must have found as a legal matter that the initial deception didn't preclude a finding of voluntariness because otherwise the court wouldn't have ruled that the State had met its initial burden of proving by preponderance of the evidence that consent was voluntary. But on appeal, the question of voluntariness is a question of fact, reversible only if against the manifest weight of the evidence, meaning that the opposite conclusion is clearly evident or that the determination was clearly unreasonable or not based on the evidence. So the question is whether there was any evidence supporting the factual finding that the defendant's consent was voluntary. And here, one piece of evidence supporting that factual determination was that the defendant was informed in writing that he need not consent to the search. And this court ruled more than 30 years ago in the Holliday case that receiving that written advisement is evidence that consent was not coerced. But this court would only reach the factual question of voluntariness and whether that factual finding was against the manifest weight of the evidence if it found that the record was sufficient to review the question. And here, under the Fouch case, the Illinois Supreme Court case often cited, the record is not sufficient to make that determination because the record of proceedings is incomplete. Moving on to the question about the defendant's assertion that there was a threat made, the circuit court found both as a factual matter and as a legal matter that the defendant was not threatened. The court made a factual finding that Gil, quote, did not threaten the defendant. The court further stated that though the defendant was arguing that this statement was a threat, there was no other way for Gil to inform the defendant of the possible outcome of his refusal to consent to a search. The defendant can't believe that he would be immediately jailed for refusing to sign a document that he knew that he was not required to sign. Also, Gil never stated the inverse of his statement. The cross-examination to which the defendant referred today in that the defendant posed the hypothetical inverse of Gil's statement. Well, weren't you really saying that if he didn't sign, he would be taken to jail? Gil agreed only that the defendant's hypothetical paraphrase could be read as an implied threat, but he repeatedly disagreed that the defendant was accurately restating what he said. He insisted that he never threatened the defendant. Also, it doesn't matter how Gil on cross-examination took the defendant's paraphrases. It matters whether the defendant's will was overborne. And the court stated, made a factual finding that he was not threatened. His will was not overborne here. It was a consensual search based in part on his written, his receipt of written information that consent was not required. And there were further facts indicating voluntariness, such as that the court made a legal ruling that the defendant was not in custody when he signed that consent. On that consent form, does it say on that consent form, you won't go to jail if you sign it? No, no. Did that come out somehow? Did the policeman say that? So he added to what was on the consent form. Is that correct? Did you? Did somebody say at one time, you will not go to jail that day if you sign? Yes. Okay. But that wasn't written on the form. No. Somebody said that. And who was it that said that? The officer who met him at the house. Okay. The court's legal ruling about custody. But custody, the presence or absence of custody, is just one factor concerning whether consent was voluntary. So even if this court were to find that the defendant was in custody at the time that he consented, that would not require a finding that consent was involuntary. That's just one factor. The question on the issue of consent remains whether there's any evidence supporting that finding. And because there is, the court's factual finding regarding consent was not against the manifest way of the evidence, and this court should affirm it. Okay. Are there further questions? Thank you. Reba? I'll ask the court to consider, I believe it's R-95 regarding the trailer. It was unrefuted. It was on private property. I mentioned one thing about manifest way of the evidence. As far as the court holding that there was evidence when there's nothing supported, I think the other part is when the court held, made a finding that this consent was somehow voluntary. When, in its own words, it noted, court's finding, Gil also told Wall, this is the court's finding, that Wall would not go to jail that day if he consented to the search of his residence. How the court found that that's not a threat implied or any coercion, I believe, quite frankly, is against the case wall that's been cited and the research case wall that I have found in the Fourth Amendment. So I believe the evidence overwhelming that it's against, that finding is against, or voluntary evidence is against the manifest way of the evidence that the court found. Two other brief comments, if I may. This is really a ruse that I cited in my rebuttal where people begraffed, where basically they hung out at the individual's residence to board a submission essentially implying that they had the authority to secure the basement until they could get a warrant. The court in that particular case of people begraffed stated the owners of the home testified that they felt signing the consent was the only way to get the officers to leave. That's exactly what Wall said. And that's what Gil said. Sign the search warrant and you won't go to jail. What other implications is there? If I don't sign, guess where I'm going? I'm going to jail. And he testified at the suppression hearing, I signed it because I didn't want to go to jail. And the point is this. Gil knew he didn't have probable cause. He knew he wasn't going to get a search warrant. So if he said on the record that I would go and apply for a warrant, that's what he said, apply. My guy said no, I said I'm going to go get one. We'll go with the state's version. That he would go and apply for one, that's untrue. He can't go apply for a warrant because he doesn't have probable cause. This he already admitted. Again, this case has been full of deceits from the very beginning. I think that's the troubling nature of this particular one. I think the culture that was going on at that time. The ends were trying to justify the means. On that signature consent form, down at the bottom, this is what Gil gave my client to sign. It was already filled out. His name was already filled out on here. Sign it. Name filled out. Unrefuted. I further state that no promises, no promises, threats, force, or physical or mental coercion of any kind whatsoever have been used to cause me to consent the search described above on this form. Gil admitted what he did. He has falsified by giving this document to my client, knowing all along that he had threatened them with jail time. Judge, in all due respect, I believe in this particular case it's overwhelming that the evidence clearly shows that my client was threatened directly, implied promises. He admitted it on the stand. And it was an attempt that the end justified the means. And I'm requesting that fundamental rights such as this be upheld. And I ask that the motion that was denied by motion be granted and it's entire. Thank you. All right. Thank you. I will take this case under advisement and we will be in recess until 1. Thank you.